CRAIG W. DUFORD, State Bar No. 305823
*craig@dufordlaw.com*
KELLY E. DUFORD, State Bar No. 4; 7868
*mgmt@dufordlaw.com*
DUFORD LAW, LLP
3611 Fifth Ave
San Diego, CA 92103
Ph:  (619) 565-5077
Fax:  (619) 354-2449
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY GOWIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SONY INTERACTIVE ENTERTAINMENT, LLC, a California Limited Liability Company; SONY INTERACTIVE ENTERTAINMENT, INC., a Japanese Corporation; JEFF LINDSAY, an individual; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.:   '19CV1876 JAH  AHG<br><br>**COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF FOR:**<br><br>1. **Disability Discrimination – ADA violation, 42 U.S.C §12101 et seq.;**<br>2. **Disability Discrimination – FEHA violation, Gov. Code §12940 et seq.;**<br>3. **Failure to Accommodate – ADA violation, 42 U.S.C §12101 et seq.;**<br>4. **Failure to Accommodate – FEHA violation, Gov. Code §12940 et seq.;**<br>5. **Failure to Engage in the Interactive Process – FEHA violation, Gov. Code §12940 et seq.;**<br>6. **Retaliation – ADA violation, 42 U.S.C §12101 et seq.;**<br>7. **Retaliation – FEHA violation, Gov. Code §12940 et seq.;** |

8. **Failure to Prevent Discrimination and Retaliation – FEHA violation, Gov. Code §12940 et seq.;**
9. **Negligence – Cal. Civ. Code §1714;**
10. **Intentional Infliction of Emotional Distress;**
11. **Negligent Infliction of Emotional Distress;**
12. **Invasion of Privacy – Public Disclosure of Private Facts;**
13. **Assault.**

**DEMAND FOR JURY TRIAL**

## PARTIES

1.     Plaintiff LINDSEY GOWIN ("Plaintiff") is, and at all times relevant to this Complaint, was a female individual residing in the County of San Diego, State of California.

2.     At all times relevant to this Complaint, Plaintiff was employed by Defendant SONY INTERACTIVE ENTERTAINMENT LLC, as a Senior Department Assistant. At all times relevant herein, Plaintiff was willing and able to, and did perform all of the essential functions of her employment in County of San Diego, State of California.

//

//

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
2

3.      Defendant SONY INTERACTIVE ENTERNTAINMENT LLC ("SIE") is, and at all relevant times to this Complaint, was a California limited liability company organized and doing business under the laws of the State of California, with its principal place of business located at 2207 Bridgepointe Parkway, San Mateo, California, 94404.

4.      Defendant SONY INTERACTIVE ENTERTAINMENT INC. ("SONY INC.") is, and at all relevant times to this Complaint, was a Japanese corporation with its principal place of business located at 1-7-1 Konan, Minato-Ku, Tokyo, 108-0075, Japan. Plaintiff is informed and believes, and thereon alleges that Defendant SONY INC. is, and at all relevant times to this Complaint, was an entity authorized to and has conducted business in the State of California.

5.      Defendant SIE is, and at all times relevant to this Complaint, was a wholly owned subsidiary of Defendant SONY INC.

6.      Defendant SIE and Defendant SONY INC. are both covered entities under the Americans with Disability Act of 1990 ("ADA") at 42 U.S.C. §§ 12101 et seq. and under the California Fair Employment and Housing Act ("FEHA") at California Government Code §§ 12900 et seq. because, at all relevant times herein, both the entities are and were "employers" in an industry affecting commerce with

more than fifteen (15) full and/or part-time employees throughout the United States of America, upon Plaintiff's information and belief.

7.      Defendant JEFF LINDSAY ("LINDSAY") is, and at all times relevant to this Complaint, was a male individual residing in California, upon Plaintiff's information and belief.

8.      Defendant LINDSAY is, and at all relevant times to this Complaint, was a Human Resources Business Partner for Defendant SIE, acting in the capacity as the Senior Manager and as the Director in Defendant SIE's Human Resources Department ("HR"). Plaintiff is informed and believes that LINDSDAY is, and at all relevant times to this Complaint, was in control of HR departments at SIE offices located in and around the County of San Diego, State of California.

9.      Plaintiff is ignorant as to the true names and capacities of the defendants sued herein as DOES 1 through 100, and therefore sues these defendants by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to set forth the true names and capacities of such named defendants when their identities become known to her.

10.     Plaintiff is informed and believes, and thereon alleges, that each of the aforementioned DOES is responsible in some manner for the events and

happenings herein referred to, and caused injury and damages proximately thereby to Plaintiff as herein alleged.

11.    Plaintiff is informed and believed, and thereon alleges, that each defendant named in this action, including DOE defendants, at all relevant times, was the agent, employee, and/or representative of Defendant SIE and/or Defendant SONY INC., acting within the course and scope of his, her, or its agency, employment, or representative capacity of SIE and/or SONY INC.

## JURISDICTION AND VENUE

12.    This United States District Court, Southern District of California, has original jurisdiction under US Const., Art. III, § 2 and 28 U.S.C. § 1331 because the action arises from claims under Title I of the ADA found in 42 U.S.C. §§ 12101 & 12112, and their applicable regulations as described in this Complaint.

13.    Plaintiff's state law claims have a common nucleus of applicable facts and are so related to those under which this Court has original jurisdiction that they form part of the same case or controversy.  Supplemental jurisdiction is therefore appropriate over Plaintiff's state law claims pursuant to under 28 U.S.C. § 1367.

14.    This Court has personal jurisdiction over defendants because all acts or omissions by Defendant SIE, Defendant SONY INC., and Defendant LINDSAY

with respect to one or more causes of action, as well as Plaintiff's injuries arising from these acts or omissions, occurred in County of San Diego, State of California.

15.    This Court has personal jurisdiction over Defendant DOES 1 through 100, inclusive, because they were acting within the course and scope of their employment for Defendant SIE in County of San Diego, State of California, when Plaintiff's injuries occurred.

16.    Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff, Defendant SIE, and Defendant LINDSAY all reside within this District.  Defendant SONY, INC. is a not a resident of the United States, and therefore may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

17.    Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims set forth herein occurred in this District.

## FACTUAL BACKGROUND

18.    In April of 2014, Plaintiff began her employment with Defendant SIE as "Senior Department Assistant," working onsite at SIE's Sorrento Valley Office, located at 9805 Barnes Canyon, San Diego, California, 92121 (the "SV Office").

//

19.     On October 22, 2018, SIE relocated Plaintiff to work on the eighth floor of SIE's Rancho Bernardo Office, located at 16535 Via Esprillo, San Diego, California, 92127 (the "RB Office"), while it was still under construction.

### Defendant's Initial Mismanaged Employment Practices

20.     In or around January of 2018, Plaintiff submitted a formal complaint to HR after experiencing bullying and other unprofessional conduct from colleagues.

21.     Plaintiff's allegations of bullying in the aforementioned complaint included, but was not limited to, a colleague throwing objects at Plaintiff, another colleague stating Plaintiff made her want to "puke" to other SIE employees, and other substantive forms of harassment.

22.     HR waited for over a month prior to launching an official investigation into the allegations made by Plaintiff in the aforementioned complaint.

23.     On or around February 16, 2018, HR finally launched a brief and inconclusive investigation into aforementioned complaint made by Plaintiff.

24.     During the course of the aforementioned investigation, HR failed to interview Plaintiff's witnesses and document substantive statements from the alleged aggressors.

//

25.     Pursuant to concluding its investigation, HR documented that, "no one was able to provide a firsthand account of bullying to corroborate [Plaintiff's] allegations."

26.     Plaintiff repeatedly expressed feelings of severe discomfort to HR as a result of having to continue working in close proximity to the aforementioned colleagues. However, Plaintiff continues working in close proximity to the aforementioned colleagues to this date.

27.     Plaintiff's direct supervisor at the time had close, personal relationships with the colleagues that Plaintiff named as aggressors in the aforementioned complaint.

28.     Plaintiff received a negative performance review and was reprimanded by her direct supervisor and other SIE personnel as result of submitting the aforementioned complaint.

29.     After the aforementioned complaint was made to HR, Plaintiff's supervisor at the time told Plaintiff she was disinvited to open invite SIE events, stating that, "this was not for her."

30.     HR failed to take any remedial measures in light of Plaintiff's complaint regarding the bullying she experienced from the aforementioned colleagues.

//

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

31.   In or around December of 2018, Plaintiff submitted another formal complaint to HR regarding a male colleague from the SV Office inappropriately placing his hands on Plaintiff's body without her consent.

32.   On or around December 2018, Plaintiff's male colleague, came behind her and "started rubbing" her neck back and up and down her arms and squeezing her. (Attached hereto as **EXHIBIT A.)**

33.   SIE employees stated that the aforementioned male colleague should "be fired" and "that is assault," encouraging Plaintiff to report him to governmental agencies. (Attached hereto as **EXHIBIT B**.)

34.   Pursuant to the official investigation launched by HR regarding the aforementioned complaint made by Plaintiff, it was determined and documented that the male colleague did place his hands on Plaintiff's body without her consent.

35.   Plaintiff remained confident that SIE would take appropriate action and did not bring civil suit against the aforementioned male colleague or make formal complaints to other governmental agencies regarding his misconduct.

36.   Plaintiff is informed and believes that HR failed to document essential details regarding the inappropriate conduct of the aforementioned male colleague.

//

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

37.    SIE has promoted the aforementioned male colleague and allowed him to remain on Plaintiff's team, working in very close proximity to Plaintiff to this date.

38.    HR failed to take effective remedial measures in light of Plaintiff's complaint regarding the misconduct she endured from the aforementioned colleague.

39.    The aforementioned male colleague was neither suspended, terminated or otherwise formally disciplined by SIE's HR department for his inappropriate touching of Plaintiff.

40.    SIE has overlooked Plaintiff for promotions on multiple occasions as a result of the complaints she has submitted to HR.

41.    Plaintiff was told at her most recent SIE performance review that she was "too nice and energetic" and would have received a "better" score if she did not work remotely and was present at the RB Office more often.

## Plaintiff's First On-Site Anaphylactic Reaction

42.    At all times relevant to this Complaint, Defendant SIE and Defendant LINDSDAY were aware of Plaintiff's history of asthma.

43.    October 22, 2018 was Plaintiff's first formal workday onsite at the RB Office, which was still an open construction site at the time.

44.   On October 23, 2018, Plaintiff began experiencing shortness of breath, tightness in her chest, and bodily discomfort stemming from an allergic inflammation shortly following her arrival to the RB Office that day.

45.   The aforementioned symptoms that Plaintiff began experiencing developed into a severe anaphylactic reaction; Plaintiff's eyelids, throats, and airways all began to swell as a result of exposure to the allergens and irritants contained in the materials used for the construction. (Attached hereto as **EXHIBIT C**.)

46.   Despite Plaintiff exhibiting adverse physical symptoms of a medical emergency, SIE failed to take any affirmative action to render aid or even call for an ambulance. After Plaintiff had taken a Benadryl onsite, SIE supervisors allowed Plaintiff to drive home in her personal vehicle from the RB Office to administer asthma medication and a breathing treatment.

47.   Plaintiff recorded a video of herself after leaving the RB Office on October 23, 2018. The aforementioned video depicted the severity of the adverse physical symptoms that she was suffering from as a result of experiencing the aforementioned anaphylactic reaction onsite.

48.   Plaintiff believed that SIE would not believe her without such a video based on her previous interactions with HR and other SIE personnel.

49.   Plaintiff was later transported from her home to the emergency room due to the pain and discomfort she was experiencing in her critical medical condition.

50.   Plaintiff was admitted into the emergency room and received immediate medical treatment due to her critical condition.

**Events Following Plaintiff's Initial On-Site Anaphylactic Reaction**

51.   On October 24, 2018, despite having knowledge of Plaintiff's initial anaphylactic reaction she experienced onsite at the RB Office, Defendant SIE limited any sort of accommodation for Plaintiff's reaction to only one (1) workday of work in the SV Office and required Plaintiff to return to the RB Office the following day.

52.   Plaintiff was willing and able to perform her essential job duties at the SV Office.

53.   Plaintiff never experienced any medical symptoms suggestive of an anaphylactic reaction over the course of four (4) consecutive years while working onsite at the SV Office.

54.   On October 25, 2018, SIE informed Plaintiff that she was required to return back to work onsite at the RB Office.

55.   Plaintiff complied immediately with the SIE's requirement.

56.     SIE moved Plaintiff's workspace to an open-air area located less than thirty (30) feet from the location where Plaintiff experienced the anaphylactic reaction.

57.     Upon Plaintiff's return to the RB Office, she began experiencing consistent workplace-exacerbated asthma attacks, accompanied by symptoms including, but not limited to, severe nasal congestion, inflammation of her throat, tightness in her chest, and ocular pruritus.

58.     The aforementioned workspace move was ineffective in light of the airborne nature of the allergens and irritants causing Plaintiff's anaphylactic reaction.

59.     Other SIE employees also began experiencing workplace-exacerbated allergies onsite at the RB Office at that same time.

60.     Despite Plaintiff and other SIE employees experiencing workplace-exacerbated allergic reactions at the RB Office, neither Plaintiff nor other employees were offered offsite accommodations by SIE managers, supervisors, or personnel in SIE's HR department.

61.     Defendant LINDSAY explicitly denied Plaintiff the ability to work remotely.

62.     Plaintiff is informed and believes that she was the only SIE employee that Defendant LINDSAY said this to.

63.     Defendant LINDSAY continuously checked up on Plaintiff personally regarding her work from home status.

Plaintiff is informed and believes that she was the only SIE employee that Defendant LINDSAY did this to.

## Plaintiff's Second On-Site Anaphylactic Reaction

64.   On October 31, 2018, Plaintiff experienced another life-threatening anaphylactic reaction while working onsite at the RB Office; Plaintiff's eyelids, throats, and airways all began to drastically swell once again, causing her to endure severe pain, discomfort, and distress.

65.   Defendant SIE failed to implement actionable protocol and took no remedial safety measures after witnessing Plaintiff endure a similar medical emergency one (1) week prior.

66.   SIE personnel once again allowed Plaintiff to drive home in a critical medical condition from the RB Office to administer the steroids and antihistamines she was prescribed in the emergency room following the anaphylactic reaction she experienced on October 23, 2018.

67.   Plaintiff's symptoms were so severe that she was unable to make it home without having to pull her vehicle over to the side of the road in order to administer asthma medication and a breathing treatment in an attempt to suppress the flaring of her allergies and asthma.

### **Events Following Plaintiff's Second Anaphylactic Reaction**

68.  On November 1, 2018, Plaintiff was evaluated by her personal physician, Dr. Adam Pacal ("Dr. Pacal") for the adverse medical symptoms she was experiencing.

69.  Following the evaluation, Plaintiff provided Defendant SIE with a "Medical Excuse Form" from Dr. Pacal stating, "Due to underlying asthma and allergies, Ms. Lindsey Gowin is unable to work in or near a construction environment. Allergens released by the construction can result in a life-threatening allergic reaction."

70.  Pursuant to the recommendations made by Dr. Pacal in the aforementioned "Medical Excuse Form," Plaintiff began working remotely for SIE. Plaintiff was willing and able to perform her essential job duties remotely.

71.  In November of 2018, SIE required Plaintiff to return to work onsite at the SV Office.

72.  Plaintiff complied immediately with the aforementioned requirement.

73.  Plaintiff did not exhibit adverse medical symptoms that were suggestive of a manifestation of an anaphylactic reaction while working onsite at the SV Office.

74.  In or around January of 2019, Plaintiff was informed that the construction at the RB Office was done and that air quality reports confirmed safe workplace conditions for Plaintiff.

75.     In  January of 2019, SIE mandated Plaintiff to return to work onsite at the RB Office. Upon said return to the RB Office, Plaintiff continued experiencing shortness of breath, incessant sneezing, and severe inflammation of her eyes and throat on a regular basis.

76.     In April of 2019, Plaintiff formally requested copies of the air quality reports from SIE so she could provide them to her physician to verify she was in fact safe to work onsite at the RB Office.

77.     Plaintiff informed SIE that her physician preferred to evaluate the air quality reports to assist in diagnosis and prevention of any further anaphylactic reactions.

78.     SIE and Defendant LINDSAY refused to provide the aforementioned air quality reports to Plaintiff and/or her physician, claiming it was against "company policy" to do so.

### Plaintiff's Third On-Site Anaphylactic Reaction

79.     On March 12, 2019, Plaintiff endured another life-threatening anaphylactic reaction while working onsite at the RB Office at the demand of Defendant SIE.

80.     SIE allowed Plaintiff to drive home from the RB Office for a third time while enduring severe pain and discomfort resulting from the symptoms of anaphylaxis.

81.     Plaintiff incurred additional out-of-pocket medical expenses as a result of the third reaction because SIE denied to pay for Plaintiff to see an allergy specialist.

### **Events Following Plaintiff's Third On-Site Anaphylactic Reaction**

82.   Plaintiff followed Dr. Pacal's recommendations and again began working remotely for Defendant SIE with the express approval from her immediate supervisor.

83.   At all times relevant herein, Plaintiff was willing and able to perform her essential job duties remotely.

84.   On March 22, 2019, Plaintiff received email correspondence from Defendant LINDSAY in which he expressed dissatisfaction of Plaintiff working remotely.

85.   Plaintiff was informed by LINDSAY in the aforementioned email correspondence that "the Sr. Department Assistant position is not a work-from-home position . . . so we will need to further review and discuss next steps."

86.   SIE failed to facilitate any form of evaluation and/or assessment to determine whether Plaintiff could perform the essential duties of her employment remotely.

87.   Plaintiff has provided SIE with a list of all of the job duties that she can perform from home on multiple occasions. (Attached hereto as **EXHIBIT D.)**

88.   To date, SIE has not provided Plaintiff with a list of job duties that she cannot perform from a remote location such as her home. SIE has failed to give any explanation at all as to why Plaintiff cannot perform her job duties remotely.

89.     In March of 2019, LINDSAY was well aware that Plaintiff was an asthmatic who experienced several life-threatening anaphylactic reactions while working onsite at the RB Office. LINDSAY was also aware that Plaintiff was allowed to drive off premises with no supervision or assistance from any SIE personnel during all of the anaphylactic reactions she endured onsite.

**Workplace Accommodation Requests for Plaintiff**

90.     At all relevant times herein, Plaintiff actively communicated requests for reasonable accommodations to HR personnel, including to Defendant LINDSAY.

91.     Plaintiff constantly received evasive responses from said SIE personnel regarding her requests and suggestions for reasonable accommodations.

92.     At all relevant times herein, Plaintiff demonstrated to both SIE and LINDSAY that she is willing to determine a reasonable workplace accommodation.

93.     On March 19, 2019, for example, Plaintiff submitted a "Deep Cleaning Request" for her workspace at the RB Office "to reduce dust, allergens, etc."

94.     On March 21, 2019, Plaintiff sent email correspondence to LINDSAY in order to confirm the deep cleaning was completed and further requested to reconnect to discuss next steps.

95.     LINDSAY repeatedly insisted that Plaintiff work onsite while SIE was engaged in an interactive process to determine an accommodation for Plaintiff.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

96.  SIE and LINDSAY have disregarded Plaintiff's numerous showings of an ability to perform essential job duties of her employment away from the RB Office.

97.  Since October of 2018, SIE has had multiple positions available which would allow Plaintiff to work remotely and/or away from the RB Office.

98.  SIE, a company composed of thousands of employees in various offices, has failed to offer Plaintiff options of a work-from-home accommodation or alternative position, including an option to work at the SV Office during the interactive process.

99.  SIE remains engaged in the aforementioned interactive process to this date.

### U.S. HealthWorks Reports Regarding Workplace Conditions

100.  On November 07, 2018, Defendant SIE received a "Work Status Report" regarding Plaintiff's medical condition from SIE's workers' compensation medical group: U.S. HealthWorks Medical Group ("U.S. HealthWorks").

101.  The aforementioned report mentioned the following workplace restriction for Plaintiff: "No working in buildings under construction or until air quality has been evaluated."

102.  SIE failed to evaluate the air quality in the RB Office until April of 2019.

103.  SIE failed to follow U.S. HealthWorks' work restrictions.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
19

104.   Despite Plaintiff's request for air quality reports which SIE acknowledged it was in possession of in January of 2019, SIE had the air quality evaluated at the RB Office only in or around April of 2019.

105.   SIE's air quality investigation failed to test for airborne allergens, irritants or heavy metals that catalyzed the anaphylactic reactions Plaintiff endured at the RB Office.

106.   On November 13, 2018, SIE received another "Work Status Report" regarding Plaintiff's medical condition from U.S. HealthWorks physicians.

107.   The aforementioned report mentioned the following workplace restriction for Plaintiff: "No working in buildings under construction . . . Needs HEPA filter on desk."

108.   Only in August of 2019—almost one (1) year later—did SIE place a HEPA filter on Plaintiff's desk.

109.   SIE placed the aforementioned HEPA filter on Plaintiff's desk with dust masks and a piece of paper taped to her desk with her name hand-written on it in big bold letters while Plaintiff was out of town.  (Attached hereto as **EXHIBIT E**.)

110.   The only notification Plaintiff received regarding the placement of the HEPA filter was from concerned colleagues via photographs and videos. (Attached hereto as **EXHIBIT F**.)

111.   To date, SIE has failed to provide Plaintiff with formal notice regarding the aforementioned HEPA filter placed on Plaintiff's desk.

112.   Plaintiff felt isolated, ostracized, and became extremely uncomfortable, knowing that SIE was broadcasting Plaintiff's confidential medical condition, without formal notice or Plaintiff's consent, to various SIE employees while Plaintiff was out of town.

113.   Plaintiff began experiencing physical and emotional symptoms stemming from SIE broadcasting confidential information regarding her medical condition.

114.   The aforementioned symptoms include, but are not limited to, stress, anxiety, panic attacks, and nausea that Plaintiff has paid out of pocket to treatment.

## Dr. Pacal's Recommendations Pursuant to Workplace Conditions

115.   On or around March 20, 2019, Plaintiff provided Defendant SIE with a "Medical Excuse Form" from Dr. Pacal stating, "Please allow [Plaintiff] to work from home . . . due to current allergy concerns."

116.   Dr. Pacal is the only M.D. that Plaintiff was treated by who was not directly or indirectly compensated by SIE.

117.   SIE refused to allow Plaintiff to see an experienced allergist under SIE's worker's compensation coverage.

118.   On or around April 24, 2019, Plaintiff provided SIE with another "Medical Excuse Form" from Dr. Pacal stating, "Due to an ongoing medical condition, please allow her to continue to work from home until workers comp evaluation is completed."

119.   On or around May 3, 2019, Plaintiff provided SIE with a "Physician Work Activity Status Report" from Concentra Urgent Care ("CMC"), indicating Plaintiff was diagnosed with "[m]oderate persistent asthma with acute exacerbation" and had an "**ADA Issue**."

120.   On or around May 17, 2019, Plaintiff provided SIE with another "Medical Excuse Form" from Dr. Pacal stating, "[Plaintiff] completed her Worker's Comp. evaluation . . . I agree with recommendation that she is unable to continue to work at the Sony Rancho Bernardo Location due to the risk of repeated allergic reaction."

121.   On or around July 9, 2019, Plaintiff provided SIE with another "Medical Excuse Form" from Dr. Pacal stating, "[Plaintiff] has a history of severe allergic reaction working at the Rancho Bernardo location . . . She would continue to be **safest** working from home."

122.   In July of 2019, SIE attempted to force Plaintiff back to work onsite in an open-air cubical despite knowing Plaintiff would be safest and without putting her life in jeopardy by working remotely.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
22

123.   Amongst the aforementioned Medical Excuse Forms, Plaintiff's physician stated that Plaintiff should refrain from working in an open-air environment such as a cubical.

124.   Despite constructing brand-new buildings and having multiple offices in various locations, SIE has refused to accommodate Plaintiff with an enclosed workspace that had a door.

125.   SIE would only accept Plaintiff returning to work in an open-air environment.

126.   It was at this point that Plaintiff felt that it was necessary to hire an attorney.

127.   On moving day, all moving employees were provided with the day off, except for Plaintiff.  Plaintiff was the only "moving" employee forced by SIE to work on moving day.

### Defendant's Continued Mismanaged Employment Practices

128.   Plaintiff notified high-level SIE management and HR personnel that Defendant LINDSAY exhibited harassing conduct toward her. Plaintiff requested a new HR representative.

129.   Plaintiff informed HR of LINDSDAY's unprofessional demeanor toward her and nonfeasance in regard to the interactive process.

//

130. Pursuant to the aforementioned request made by Plaintiff, HR refused to provide Plaintiff with a new HR representative without justification.

131. Prior to commencement of this civil action, Plaintiff retained an attorney to advocate on her behalf regarding SIE's stagnant and ineffective interactive process led by LINDSAY.

132. On July 19, 2019, Plaintiff's counsel informed SIE and LINDSAY via email that Plaintiff would not be working from the RB Office pursuant to the recommendations made by Dr. Pacal and multiple U.S. HealthWorks physicians.

133. Despite the aforementioned email correspondence, SIE and LINDSAY attempted to claim that Plaintiff failed to report to work onsite at the RB Office.

134. To date, LINDSAY continues to harass Plaintiff via email despite Plaintiff's allegations of harassment and engaging in improper HR procedures and practices.

135. Despite all actions in the last five (5) years, it was only when Plaintiff was being forced into work with the possibility of a life ending allergic reaction did she retain an attorney.

136. Plaintiff was and continues to be afraid for her life while abiding by SIE's requirements in order to retain her employment with SIE.

//

137.   On or around July 3, 2019, Plaintiff submitted a formal request to SIE for LINDSAY to no longer lead the aforementioned interactive process for Plaintiff.

138.   On July 9, 2019, Plaintiff's counsel sent SIE a formal letter of representation advising SIE to ensure its representatives including, but not limited to, LINDSAY refrain from corresponding with Plaintiff regarding the interactive process and other employment issues.

139.   From approximately July 9, 2019 to September 6, 2019, Plaintiff was contacted by LINDSAY via email and telephone on approximately ten (10) separate occasions.

140.   On September 6, 2019, Plaintiff notified her counsel that she "experienced a strong visceral response" each time she was contacted by LINDSAY after explicitly being told to refrain from contacting Plaintiff on multiple occasions. Plaintiff described feeling "[i]mmediately nauseous [and] anxious" after seeing any email correspondence from LINDSAY.

141.   Each time Plaintiff's counsel was notified of improper contact by SIE personnel, Plaintiff's counsel notified SIE's attorney in an attempt to request SIE's attorney ensure that SIE personnel refrained from contacting Plaintiff. These said requests were made in good faith.

142.   SIE's attorney has regularly evaded responding to the aforementioned requests made by Plaintiff's counsel and failed to provide assurance at any time that LINDSAY would stop contacting Plaintiff.

143.   SIE has the ability to replace LINDSAY as Plaintiff's HR representative and stop LINDSAY from contacting Plaintiff. As of the time of filing this Complaint, SIE has failed to do so.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

144.   On or around August 31, 2019, Defendant SIE declined to settle at Plaintiff's demand and presented no reasonable counter offer pursuant to the circumstances set forth in this Complaint.

145.   Prior to commencing this civil action, and within the time provided by law, Plaintiff filed administrative charges with the Equal Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH").

146.   On September 6, 2019, Plaintiff requested and received a "Right-to-Sue" Letter from the DFEH regarding Plaintiff's state law claims (*See* DHEF Right-to-Sue letter attached hereto as **Exhibit G**).

//

147.   On September 20, 2019, Plaintiff received a "Right-to-Sue" Letter from the EEOC regarding Plaintiff's federal claims (*See* EEOC Right-to-Sue letter attached hereto as **Exhibit H**).

## FIRST CAUSE OF ACTION

### Disability Discrimination – Violation of the ADA

### 42 U.S.C. § 12101, *et seq*.

### (Against All Defendants)

148.   Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

149.   The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individuals in regard to . . . terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

150.   Pursuant to the ADA, the term "discriminate against an individual with a disability" includes "not making reasonable accommodations to the known . . . limitations of an otherwise qualified individual with a disability who is an . . . employee." 42 U.S.C. § 12112(b)(5)(A).

//

151.   Defendant SIE is and was at all times relevant herein, a "covered entity" within the meaning of 42 U.S.C. § 12111(2) and an "employer" within the meaning of 42 U.S.C. § 12111(5).

152.   Plaintiff is and was at all time relevant herein, a "qualified individual" within the meaning of 42 U.S.C. § 12111(8) and an "employee" of Defendant SIE within the meaning of 42 U.S.C. § 12111(4).

153.   Plaintiff is and was at all relevant times herein, an "individual with a disability" as defined under the ADA, 42 U.S.C. § 12012(1)(A) and 42 U.S.C. § 12012(2)(A) because she has an impairment which substantially limits her major life activities including, but not limited to, working.

154.   Plaintiff is and was at all relevant times herein, an "individual with a disability" as defined under the ADA, 42 U.S.C. § 12012(1)(B) based on her record of a substantially limiting impairment, notated as "ADA Issue" in the May 3, 2019 "Physician Work Activity Report" that Defendant SIE is in possession of, upon Plaintiff's information and belief.

155.   Plaintiff is and was at all relevant times herein, an "individual with a disability" as defined under the ADA, 42 U.S.C. § 12012(1)(C) and 42 U.S.C. § 12012(3)(A) as Defendant SIE regarded Plaintiff as disabled within the meaning of

the ADA.

156.   Accordingly, Plaintiff is and was at all relevant times herein, a member of a class of persons protected by 42 U.S.C. § 12112 under the ADA.

157.   Defendant SIE discriminated against Plaintiff because of her disability by failing to engage in the interactive proves with Plaintiff in good faith to determine the existence of reasonable accommodations and by failing to reasonably accommodate her disability despite Plaintiff's repeated demonstration of an ability to perform her essential job duties remotely.

158.   Plaintiff submits that her ADA disability as perceived by Defendant SIE was a motivating factor in the decision of Defendant SIE to discriminate against her.

159.   As a direct and legal result of Defendant SIE's conduct, Plaintiff has incurred, and will continue to incur general and special damages, the full extent of which are uncertain at this time, but which are within the jurisdiction of this Court to determine in a sum according to proof.

160.   Plaintiff is informed, believes, and thereon alleges that Defendant SIE and its managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, oppressively, and in conscious disregard of Plaintiff's federal rights, subjecting Plaintiff to cruel and unjust hardship. Plaintiff is thereby

entitled to punitive damages in an amount appropriate to punish and make an example of all Defendants.

Defendant SIE's conduct is a violation of Title I of the ADA and on account thereof, Plaintiff is entitled to recover reasonable attorneys' fees and costs of suit as provided by the ADA. 42 U.S.C. § 12117(a).

## SECOND CAUSE OF ACTION

### Disability Discrimination – Violation of FEHA

### California Government Code § 12940, *et seq.*

### (Against All Defendants)

161. Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

162. FEHA, California Government Code § 12940 states that "[i]t shall be an unlawful employment practice . . . for an employer, because of . . . physical disability . . . to discriminate against the person . . . in terms, conditions, or privileges of employment." Gov. Code § 12940(a).

163. Defendant SIE is and was at all relevant times herein, Plaintiff's "employer" within the meaning of FEHA, California Government Code § 12926(d).

164. Plaintiff is and was at all relevant times herein, protected by FEHA's prohibition on disability discrimination because her medical condition, as

described above, qualifies as a physical disability within the meaning of FEHA, California Government Code § 12926(m).

165.   Plaintiff's disability is and was known by Defendant SIE at all relevant times to this Complaint.

166.   As set forth above, Plaintiff repeatedly demonstrate that she was qualified and able to perform the essential functions of her employment position as Senior Department Assistant with Defendant SIE with reasonable accommodations such as working remotely.

167.   During Plaintiff's employment, Defendant SIE, through its supervisors, managers, directors, and human resources personnel discriminated against Plaintiff because of her disability by subjecting her to adverse employment conditions including, but not limited to, failing to engage in the interactive process in good faith and failing to provide reasonable accommodations.

168.   Plaintiff submits her physical disability under FEHA as perceived by Defendant SIE to be a motivating factor in the decision of Defendant SIE to discriminate against her.

169.   As a direct and legal result of Defendant SIE's conduct, Plaintiff has incurred, and will continue to incur general and special damages, the full extent of which are

uncertain at this time, but which are within the jurisdiction of this Court to determine in a sum according to proof.

170.   Plaintiff is informed, believes, and thereon alleges that Defendant SIE and its managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, oppressively, and in conscious disregard of Plaintiff's rights. Thus, Plaintiff respectfully requests the assessment of punitive damages in an amount appropriate to punish and make an example of all Defendants.

171.   As a result of Defendant SIE's unlawful conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by FEHA, California Government Code § 12965(b). Plaintiff is also entitled to attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## **THIRD CAUSE OF ACTION**

**Failure to Accommodate – Violation of the ADA**

**42 U.S.C. § 12101, *et seq*.**

**(Against All Defendants)**

172.   Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

//

173.   As set forth above, it is unlawful under the ADA for an employer "not [to] mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee." 42 U.S.C. § 12112(b)(5)(A); *see also* 29 C.F.R § 1630.9.

174.   Pursuant to the Code of Federal Regulations, "[t]o determine the appropriate reasonable accommodation, it may be necessary for the covered entity to initiate an informal, interactive process with the individual with a disability in need of the accommodation." 29 C.F.R § 1630.2(o)(3); *see also* 29 C.F.R § 1630.9.

175.   Defendant SIE has a duty to provide reasonable accommodations to its employees, such as Plaintiff, who are disabled within the meaning of the ADA.

176.   As described above, Defendant SIE breached its duty to reasonably accommodate Plaintiff when it denied Plaintiff's requests for reasonable accommodations for her disability,  including, but not limited to requests made by Plaintiff to work remotely or from the SV Office.

177.   By failing to accommodate Plaintiff's disability, or engage in an effective interactive process, as alleged herein, Defendant SIE violated the ADA.

178.   As a direct and legal result of Defendant SIE's conduct, Plaintiff has incurred, and will continue to incur general and special damages, the full extent of which are

uncertain at this time, but which are within the jurisdiction of this Court to determine in a sum according to proof.

179.   Plaintiff is informed, believes, and thereon alleges that Defendant SIE and its managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, oppressively, and in conscious disregard of Plaintiff's federal rights, subjecting Plaintiff to cruel and unjust hardship. Plaintiff is thereby entitled to punitive damages in an amount appropriate to punish and make an example of all Defendants.

180.   As a result of Defendant SIE's unlawful conduct in violation of the ADA as alleged herein, Plaintiff is entitled to recover reasonable attorneys' fees and costs of suit as provided by the ADA. 42 U.S.C. § 12117(a).

## **FOURTH CAUSE OF ACTION**

**Failure to Accommodate – Violation of FEHA**

**California Government Code § 12940, *et seq.***

**(Against All Defendants)**

181.   Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

//

182.   FEHA, California Government Code § 12940 states that "[i]t shall be an unlawful employment practice . . . for an employer . . . to fail to make reasonable accommodation for the known physical or mental disability of an . . . employee." Gov. Code § 12940(m).

183.   Pursuant to California Government Code § 12945(b), Plaintiff is and was at all times relevant herein disabled within the meaning of FEHA, and Defendant SIE is and was aware that Plaintiff was disabled at all relevant times to this Complaint.

184.   As set forth above, Defendant SIE has a duty to provide reasonable accommodations to Plaintiff as an employee with a disability under FEHA.

185.   Defendant SIE breached its duty to reasonably accommodate Plaintiff when it denied Plaintiff's requests for reasonable accommodations for her disability, including, but not limited to requests to work remotely and/or from the SV Office.

186.   By failing to accommodate Plaintiff's disability, as alleged herein, Defendant SIE violated California's FEHA.

187.   As a direct and legal result of Defendant SIE's conduct, Plaintiff has incurred, and will continue to incur general and special damages, the full extent of which are uncertain at this time, but which are within the jurisdiction of this Court to determine in a sum according to proof.

188.   Plaintiff is informed, believes, and thereon alleges that Defendant SIE and its managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, oppressively, and in conscious disregard of Plaintiff's rights. Plaintiff is thereby entitled to punitive damages in an amount appropriate to punish and make an example of all Defendants.

189.   As a result of Defendant SIE's unlawful conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by FEHA, California Government Code § 12965(b). Plaintiff is also entitled to attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## FIFTH CAUSE OF ACTION

**Failure to Engage in the Interactive Process  – Violation of FEHA**

**California Government Code § 12940, *et seq.***

**(Against All Defendants)**

190.   Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint. FEHA, California Government Code § 12940 states that "[i]t shall be an unlawful employment practice . . . for an employer . . . to fail to engage in a timely, good faith, interactive process with the employee . . . to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by

an employee . . . with a known physical or mental disability or known medical condition." Gov. Code § 12940(n).

191.   At all times relevant to this Complaint, Plaintiff was willing and able to participate in an interactive process to determine whether a reasonable accommodation could be made available by Defendant SIE so that Plaintiff would be able to perform essential job requirements.

192.   As set forth above, Defendant SIE was made aware of Plaintiff's disability and her need for an accommodation on multiple occasions by Plaintiff and various physicians.

193.   Plaintiff has repeatedly demonstrated an ability to perform her essential job duties either remotely or from the SV Office without imposing an undue hardship on Defendant SIE.

194.   Defendant SIE has rejected all of Plaintiff's proposed accommodations to this date and has failed to engage in a meaningful conversation with Plaintiff to determine whether reasonable accommodations existed that would allow for Plaintiff to perform the essential functions of her job and which would not impose an undue hardship on Defendant SIE.

195.   As a direct and legal result of Defendant SIE's conduct, Plaintiff has incurred, and will continue to incur general and special damages, the full extent of which are

uncertain at this time, but which are within the jurisdiction of this Court to determine in a sum according to proof.

196.   Plaintiff is informed, believes, and thereon alleges that Defendant SIE and its managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, oppressively, and in conscious disregard of Plaintiff's rights. Plaintiff is thereby entitled to punitive damages in an amount appropriate to punish and make an example of all Defendants.

197.   As a result of Defendant SIE's unlawful conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by FEHA, California Government Code § 12965(b). Plaintiff is also entitled to attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## SIXTH CAUSE OF ACTION

### Retaliation – Violation of the ADA

### 42 U.S.C. § 12101, *et seq*.

### (Against All Defendants)

198.   Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

//

199.   The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful under this Act or because such individual made a charge . . . or participated in any manner in an investigation . . . under this Act." 42 U.S.C. § 12203(a).

200.   Plaintiff engaged in protected activities and was exercising or attempting to exercise her rights under the ADA by requesting workplace accommodations for her disability.

201.   Defendant SIE retaliated against Plaintiff and interfered with her rights under the ADA by refusing to grant Plaintiff's requests and recommendations for accommodations, as alleged herein, all without adequate and effective communication or interaction with Plaintiff.

202.   Plaintiff submits that exercising her rights under the ADA was a substantially motivating factor in the decision of Defendant SIE to retaliate against her.

203.   As a direct and legal result of Defendant SIE's conduct, Plaintiff has incurred, and will continue to incur general and special damages, the full extent of which are uncertain at this time, but which are within the jurisdiction of this Court to determine in a sum according to proof.

//

204.   Plaintiff is informed, believes, and thereon alleges that Defendant SIE and its managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, oppressively, and in conscious disregard of Plaintiff's federal rights, subjecting Plaintiff to cruel and unjust hardship. Accordingly, Plaintiff respectfully requests the assessment of punitive damages in an amount appropriate to punish and make an example of all Defendants.

205.   Due to Defendant SIE's conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs as provided by the ADA. 42 U.S.C. § 12117(a).

## SEVENTH CAUSE OF ACTION

### Retaliation – Violation of FEHA

### California Government Code § 12940, *et seq.*

### (Against All Defendants)

206.   Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

207.   FEHA, California Government Code § 12940 states that "[i]t shall be an unlawful employment practice . . . for an employer, because of . . . physical disability . . . to discriminate against the person . . . in terms, conditions, or privileges of employment." Gov. Code § 12940(a).

208.   FEHA, California Government Code § 12940 states that "[i]t shall be an unlawful employment practice . . . for any employer to . . . discriminate against any person . . . because the person has filed a complaint." Gov. Code § 12940(h).

209.   As set forth above, Plaintiff engaged in protected activities and was exercising or attempting to exercise her rights under FEHA by requesting accommodations for her disability.

210.   Defendant SIE retaliated against Plaintiff and interfered with her rights under FEHA by refusing to grant Plaintiff's requests and recommendations for accommodations, as alleged herein, all without adequate and effective communication or interaction with Plaintiff.

211.   Plaintiff submits that exercising her rights under FEHA was a substantially motivating factor in the decision of Defendant SIE to retaliate against her.

212.   As a direct and legal result of Defendant SIE's conduct, Plaintiff has incurred, and will continue to incur general and special damages, the full extent of which are uncertain at this time, but which are within the jurisdiction of this Court to determine in a sum according to proof.

//

//

213.   Plaintiff is informed, believes, and thereon alleges that Defendant SIE and its managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, oppressively, and in conscious disregard of Plaintiff's rights. Plaintiff is thereby entitled to punitive damages in an amount appropriate to punish and make an example of all Defendants.

214.   As a result of Defendant SIE's unlawful conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by FEHA, California Government Code § 12965(b). Plaintiff is also entitled to attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## EIGHTH CAUSE OF ACTION

**Failure to Prevent Discrimination and Retaliation – Violation of FEHA**

**California Government Code § 12940, *et seq.***

**(Against All Defendants)**

215.   Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

216.   FEHA, California Government Code § 12940 states that "[i]t shall be an unlawful employment practice . . . for any employer . . . to fail to take all reasonable steps necessary to prevent discrimination . . . from occurring." Gov. Code § 12940(k).

217.   Defendant SIE had a duty to take all reasonable steps necessary to prevent discrimination and retaliation from occurring in their place of employment such as the RB Office.

218.   Defendant SIE failed to prevent discrimination and retaliation against Plaintiff in the workplace by engaging in conduct including, but not limited to, the following:

a.   Failure to properly train all supervisory employees and human resources personnel regarding discrimination and retaliation in the workplace;

Failure to thoroughly investigate and appropriately resolve the formal complaint Plaintiff submitted to HR regarding bullying, inappropriate touching, and other substantive forms of harassment in the workplace.;

b.   Failure to properly train all supervisory employees and human resources personnel regarding discrimination and retaliation in the workplace;

c.   Failure to effectively implement and enforce policies, practices, and procedures regarding the prevention and abatement of discrimination and retaliation in the workplace;

d.   Failure to prevent employees, supervisors, and HR personnel from discriminating and retaliating against Plaintiff because of her disability;

e.  Failure to thoroughly investigate and resolve formal complaints of discrimination and retaliation made by Plaintiff in good faith regarding Defendant LINDSAY's conduct; and

f.  Failure to ensure compliance with federal and state anti-discrimination and anti-retaliation laws.

219.  As a direct and legal result of Defendants' conduct, Plaintiff has incurred, and will continue to incur general and special damages, the full extent of which are uncertain at this time, but which are within the jurisdiction of this Court to determine in a sum according to proof.

220.  Plaintiff is informed, believes, and thereon alleges that Defendant SIE and its managers, officers, and/or directors committed the acts alleged herein maliciously, fraudulently, oppressively, and in conscious disregard of Plaintiff's rights. Plaintiff is thereby entitled to punitive damages in an amount appropriate to punish and make an example of all Defendants.

221.  As a result of Defendant SIE's unlawful conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided by FEHA, California Government Code § 12965(b). Plaintiff is also entitled to attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

## NINTH CAUSE OF ACTION

**Negligence – Violation of California Civil Code § 1714 *et seq.***

**(Against All Defendants)**

222.   Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

223.   As set forth hereinabove, Defendant SIE subjected Plaintiff to unlawful discriminatory and retaliatory treatment.

224.   Defendant SIE had a duty to exercise reasonable care  and prudence to provide Plaintiff with a safe, healthful, non-discriminatory, and non-retaliatory workplace environment, especially at the RB Office.

225.   Defendant SIE has breached the aforementioned duty of due care undertaken. Defendant SIE's breach of duty was the actual and proximate cause of harm suffered by Plaintiff.

226.   The manner in which Defendant SIE acted, as alleged herein, was negligent and without due regard to Plaintiff's emotional and physical well-being.

227.   Furthermore, Defendant SIE negligently failed and refused to take all reasonable steps necessary to prevent the unlawful conduct, as alleged herein, from occurring.

228.   As a direct and legal result of Defendant SIE's conduct, Plaintiff has incurred, and will continue to incur general and special damages, the full extent of which are uncertain at this time, but which are within the jurisdiction of this Court to determine in a sum according to proof.

## TENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against All Defendants)

229.   Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

230.   Defendant SIE, by and through its employees, including, but not limited to Defendant LINDSAY, acted intentionally towards Plaintiff in the manners as detailed hereinabove.

231.   Defendant SIE's intentional conduct toward Plaintiff as detailed hereinabove was so extreme and outrageous that no reasonable person should be subject to endure it.

232.   As a result of Defendant SIE's acts and omissions, Plaintiff began suffering from severe emotional distress.

//

233.  Plaintiff began experiencing symptoms of distress including, but not limited to, stress, anxiety, panic attacks, and nausea only after enduring adverse medical symptoms while working for Defendant SIE onsite at the RB Office.

234.  Defendant SIE has exhibited utter disregard for Plaintiff's health and well-being on at least three (3) separate occasions by failing to provide Plaintiff with assistance during the anaphylactic reactions she experienced onsite at the RB Office. Plaintiff's symptoms of emotional distress have been exacerbated by the aforementioned conduct of Defendant SIE.

235.  As a direct, foreseeable, and proximate result of Defendant SIE's outrageous and unprivileged conduct as described above, Plaintiff has suffered and continues to suffer, among others, humiliation, severe physical and emotional distress, loss of reputation, and mental pain and anguish, all to her damage in a sum to be established according to proof.

236.  As a further legal result of the acts and omissions of Defendant SIE, Plaintiff may be forced to incur substantial expense for medical and/or psychological care in an amount which is presently unknown and to be determined in a sum according to proof at trial.

//

## **ELEVENTH CAUSE OF ACTION**

### **Negligent Infliction of Emotional Distress**

### **(Against All Defendants)**

237.  Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

238.  As set forth above, Defendant SIE had a duty to exercise reasonable care and prudence to provide Plaintiff with a safe, healthful, non-discriminatory, and non-retaliatory workplace environment, especially at the RB Office.

239.  In carrying out the above-described conduct, Defendant SIE breached the duty of due care it owed to Plaintiff. Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.

240.  Defendant SIE, by and through its employees, including members of its human resources department repeatedly ignored or downplayed Plaintiff's complaints of workplace misconduct and requests for accommodations due to her disability.

241.  Defendant SIE knew, or should have known, that the above-described conduct would cause Plaintiff severe emotional distress.

242.   As a result of the hostile work environment permitted by Defendant SIE's negligence, Plaintiff suffered from severe emotional distress via experiencing stress and anxiety.

243.   As a direct, foreseeable, and proximate result of Defendant SIE's negligent conduct as described above, Plaintiff has suffered and continues to suffer, among others, humiliation, severe physical and emotional distress, loss of reputation, and mental pain and anguish, all to her damage in a sum to be established according to proof at trial.

## TWELFTH CAUSE OF ACTION

### Invasion of Privacy – Public Disclosure of Private Facts

### (Against All Defendants)

244.   Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

245.   Plaintiff is informed and believes, and upon such information and belief, alleges that as Defendant SIE's Director of Human Resources, Defendant LINDSAY received the "Work Status Report" regarding Plaintiff's medical condition from U.S. HealthWorks on November 13, 2019.

//

246.   The aforementioned report mentioned the following workplace restriction for Plaintiff: "No working in buildings under construction . . . Needs HEPA filter on desk."

247.   In August of 2019, Plaintiff is informed and believes, and upon such information and belief, alleges that Defendant LINDSAY placed or directed to be placed a  HEPA filter on Plaintiff's desk with dust masks and a piece of paper taped to her desk with her name hand-written on it in big bold letters while Plaintiff was out of the RB Office. (Attached hereto as **EXHIBIT E**.)

248.   The only notification Plaintiff received regarding the HEPA filter was from concerned colleagues via photographs and videos.

249.   Plaintiff felt isolated, ostracized, and became extremely uncomfortable knowing that SIE was broadcasting Plaintiff's confidential medical condition, without formal notice nor Plaintiff's consent, to various SIE employees while Plaintiff was out of the RB Office.

250.   The private affairs of Plaintiff include information relating to her medical condition(s).

251.   This especially sensitive medical information is information that a reasonable person ordinarily understands to be private.

252.   Defendants' actions relating to Plaintiff's private medical information resulted in the taking and the public disclosure of such sensitive private information, as well as in intrusion on her private matters.

253.   Plaintiff's private medical condition is not a matter of legitimate public concern. Therefore, publicizing, disseminating, and exposing Plaintiff's private medical information is and will continue to be regarded as highly offensive and objectionable to reasonable people.

254.   Plaintiff was and will continue to be damaged as a direct and/or proximate result of Defendants' invasion of privacy by the public disclosure of confidential information regarding her private medical condition.

255.   As a result of Defendant SIE and Defendant LINDSAY broadcasting her confidential information regarding her medical condition, Plaintiff has experienced various physical and emotional symptoms.

256.   The aforementioned symptoms include, but are not limited to, stress, anxiety, panic attacks, and nausea that Plaintiff has incurred personal expenses for.

//

//

//

### THIRTEENTH CAUSE OF ACTION

**Assault**

**(Against Defendant LINDSAY)**

257.   Plaintiff hereby repeats, re-alleges, and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs in this Complaint.

258.   Defendant LINDSAY conduct caused Plaintiff to be constantly apprehensive that she would be subjected to an intentional invasion of her right to be free from harmful and offensive contact upon her return to the RB Office.

259.   Defendant LINDSAY's conduct toward Plaintiff included, without limitation, the following:

  a.   Demanding Plaintiff return to work onsite at the RB Office knowing Plaintiff has experienced three (3) life-threatening anaphylactic reactions and will experience reactions immediately upon return to the RB Office;

  b.   Continuing to contact Plaintiff after explicitly being told to refrain from making any contact with Plaintiff on multiple occasions;

  c.   Failing to provide Plaintiff any reasonable accommodation that would allow her to avoid returning to the RB Office.

//

260.   Defendant LINDSAY's conduct toward Plaintiff, as described above, was intentional and/or reckless, harmful, threatening and/or offensive.

261.   As a proximate result of Defendant LINDSAY's conduct, Plaintiff has suffered and continues to suffer extreme mental distress, humiliation, and anguish in addition to emotional and physical injuries and economic losses, all to her damage in amounts to be proven at trial.

Plaintiff is informed, believes, and thereon alleges Defendant LINDSAY committed the acts alleged herein maliciously, oppressively, and in conscious disregard of Plaintiff's rights. Plaintiff is thereby entitled to punitive damages in an amount appropriate to punish and make an example of Defendant LINDSAY.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for relief and judgment against Defendants as follows:

1.   For general and compensatory damages in an amount according to proof at trial;

2.   For special damages in an amount according to proof at trial;

3.   For punitive damages to punish, deter and make an example of Defendants;

4.   For costs of litigation incurred herein;

5.   For attorneys' fees and costs pursuant to statute;

6.      For declaratory relief, declaring that Defendant SIE violated Plaintiff's rights to be free of discrimination and retaliation in the workplace;

7.      For injunctive relief, compelling Defendant DIE to refrain from discrimination and retaliation in the workplace; and adopting such policies and practices as this Court deems just and proper; and

8.      For such other and further relief as this Court deems proper and just under all of the circumstances.


Dated: September 30, 2019                    Respectfully submitted:

                                             DUFORD LAW, LLP


                                             By: */s/Craig W. DuFord*
                                             CRAIG W. DUFORD
                                             KELLY E. DUFORD
                                             Attorneys for Plaintiff
                                             LINDSEY GOWIN

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial on all claims so triable in this case.

Dated: September 30, 2019

Respectfully submitted:

DUFORD LAW, LLP

By: */s/Craig W. DuFord*
CRAIG W. DUFORD
KELLY E. DUFORD
Attorneys for Plaintiff LINDSEY
GOWIN